UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BOB ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 4:20-cv-1027 |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| IMPERIUM INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT IMPERIUM INSURANCE COMPANY

COMES NOW Defendant, Imperium Insurance Company ("Imperium"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Petition, hereby states as follows:

1. Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 and therefore denies same.

2. Defendant admits that Imperium Insurance Company is a foreign insurance company, registered to do business and in good standing in Missouri, organized under the laws of Texas and with its principal place of business in Harris County, Texas. The remaining allegations of Paragraph 2 state legal conclusions, not factual allegations, to which no response is required.

3. Defendant is without sufficient information to admit or deny the allegations of Paragraph 3 and therefore denies same.

4. The allegations of Paragraph 4 state legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, Defendant denies same.

5. Defendant is without sufficient information to admit or deny the allegations of Paragraph 5, and therefore denies same.

6. Defendant is without sufficient information to admit or deny the allegations of Paragraph 6, and therefore denies same.

7. The allegations of Paragraph 7 state legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, Defendant denies same.

8. The allegations of Paragraph 8 state legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, Defendant denies same.

9. Denied.

10. Denied.

11. Denied.

12. Defendant is without sufficient information to admit or deny the allegations of Paragraph 12, and therefore denies same.

13. Denied. Defendant further states that the Policy is the best evidence of its terms, conditions, definitions, provisions, exclusions, and limitations, which are expressly pled as if copied herein, including the definition of "Underinsured Motor Vehicle." Any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the Policy are expressly denied. A certified copy of the Policy is attached hereto as Exhibit A.

## COUNT I – BREACH OF CONTRACT

14. Defendant adopts and incorporates its answers and denials to all prior allegations, as though fully set forth herein.

15. Defendant admits that it issued a Policy of Automobile Insurance with Policy Number IC-CA-00758-02 with effective dates of October 1, 2016 through October 1, 2017 subject to all of the terms, conditions, limitations and exclusions contained within that policy ("the

Policy"). Defendant states that the Policy is the best evidence of its terms, conditions, provisions, exclusions, and limitations, which are expressly pled as if copied herein. Any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the Policy are expressly denied. A certified copy of the Policy is attached hereto as Exhibit A. The remaining allegations allege legal conclusions, not facts, to which no response is required. Defendant denies all allegations not expressly admitted herein.

16. The allegations of paragraph 16 state legal conclusions, not factual allegations to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied. Defendant further states that the Policy is the best evidence of its terms, conditions, definitions, provisions, exclusions, and limitations, which are expressly pled as if copied herein, including the definition of "insured." Any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the Policy are expressly denied. A certified copy of the Policy is attached hereto as Exhibit A.

17. The allegations of paragraph 17 state legal conclusions, not factual allegations to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied. Defendant further states that the Policy is the best evidence of its terms, conditions, definitions, provisions, exclusions, and limitations, which are expressly pled as if copied herein. Any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the Policy are expressly denied. A certified copy of the Policy is attached hereto as Exhibit A.

18. The allegations of paragraph 18 state legal conclusions, not factual allegations to which no response is required. To the extent a response is deemed required, the allegations of this

paragraph are denied. Defendant further states that the Policy is the best evidence of its terms, conditions, definitions, provisions, exclusions, and limitations, which are expressly pled as if copied herein.  Any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the Policy are expressly denied. A certified copy of the Policy is attached hereto as Exhibit A.

19. The allegations of paragraph 19 state legal conclusions, not factual allegations to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied. Defendant further states that the Policy is the best evidence of its terms, conditions, definitions, provisions, exclusions, and limitations, which are expressly pled as if copied herein, including the definition of "underinsured motor vehicle."  Any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the Policy are expressly denied. A certified copy of the Policy is attached hereto as Exhibit A.

20. The allegations of paragraph 20 state legal conclusions, not factual allegations to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied. Defendant further states that the Policy is the best evidence of its terms, conditions, definitions, provisions, exclusions, and limitations, which are expressly pled as if copied herein.  Any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the Policy are expressly denied. A certified copy of the Policy is attached hereto as Exhibit A.

21. Denied.

22. The allegations of paragraph 22 state legal conclusions, not factual allegations to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

23. The allegations of paragraph 23 state legal conclusions, not factual allegations to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

## COUNT II – VEXATIOUS REFUSAL

24. Defendant adopts and incorporates its answers and denials to all prior allegations, as though fully set forth herein.

25. The allegations of Paragraph 25 arise from a writing that is the best evidence of its contents. Said writing was not attached or incorporated into Plaintiff's Petition, which is deficient in that regard. Defendant denies Plaintiff's allegations which purport to modify, extend, alter, or otherwise vary the writing at issue. Defendant denies all allegations not expressly admitted herein.

26. The allegations of paragraph 26 state legal conclusions, not factual allegations to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

27. The allegations of paragraph 27 state legal conclusions, not factual allegations to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

28. The allegations of paragraph 28 state legal conclusions, not factual allegations to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

## AFFIRMATIVE DEFENSES

A. Further answering, and as an affirmative defense, Imperium states that Plaintiff's Petition fails to state a claim upon which relief may be granted.

B. Further answering, and as an affirmative defense, Imperium states that the Imperium policy contains the following provisions:

**2.    Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

\*\*\*

b. Additionally, you and any other involved "insured" must:

\*\*\*

(3) Cooperate with us in the investigation or settlement of the claim…

(4) Authorize us to obtain medical records or other pertinent information.

\*\*\*

C. Further answering, and as an affirmative defense, Imperium states that Plaintiff is barred from recovering under the policy as Plaintiff has refused to cooperate with Imperium's investigation of the alleged loss, including refusing to provide records pertaining to Plaintiff's workers' compensation and other UIM claims necessary to investigate Plaintiff's claimed loss, resulting in prejudice to Imperium and breaching the provisions of the policy.

D. Further answering, and as an affirmative defense, Imperium states that the Imperium policy contains the following provisions:

**3.    Legal Action Against Us.**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form…

\*\*\*

6

  E. Further answering and as an affirmative defense, Imperium states that to the extent Plaintiff has commenced legal action before fully complying with all of the terms of the Imperium Policy, Plaintiff's breach of this provision bars coverage under the Imperium Policy.

  F. Further answering, and as an affirmative defense, Imperium states that, even if UIM coverage is available under the Policy at issue, it is entitled to a setoff of all amounts paid to Plaintiff by State Farm, as well as for the amounts of any other proceeds received by Plaintiff, including any payments made by any workers' compensation carrier and/or any other applicable policy of insurance, including any policy of insurance issued to Plaintiff and affording UIM coverage at the time of the accident.

  G. Further answering, and as an affirmative defense, Imperium states that it is entitled to a set off for such payments pursuant to the following provisions of the policy under which coverage is now sought:

  **D.** **Limit of Insurance**

\*\*\*

  2. We will not pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:

   a. Workers' compensation law; or

   b. Disability benefits law.

\*\*\*

  4. We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

\*\*\*

  H. Further answering, and as an affirmative defense, Imperium states that there is no UIM coverage available to Plaintiff to the extent his damages do not exceed the $50,000 to be paid or

7

already paid to him by State Farm and any amounts to be paid or already paid to him by any other insurer, including Plaintiff's workers' compensation carrier.

  I. Further answering, and as an affirmative defense, Imperium states that Plaintiff's injuries as alleged in his Petition were directly and proximately caused or contributed to be caused by his own negligence, and fault should therefore be compared for all claims, including any derivative claims.

  J. Further answering and as an affirmative defense, Imperium states that Plaintiff's claims are barred by the doctrine of waiver, estoppel, laches and unclean hands.

  K. Imperium reserves the right to add such affirmative defenses as may become known as discovery progresses in this matter.

  WHEREFORE, having fully answered Plaintiff's Petition, Defendant Imperium Insurance Company prays for dismissal with prejudice of Plaintiff's lawsuit, and for such other and further relief as this Court deems just and proper under the circumstances.

**Defendant demands trial by jury on Plaintiff's Petition.**

            Respectfully Submitted,

            **BROWN & JAMES, P.C.**

             /s/Timothy J. Wolf
            Timothy J. Wolf, #53099MO
            Lucas J. Ude, #66288MO
            800 Market Street, Suite 1100
            St. Louis, Missouri 63101-2501
            314-421-3400
            314-421-3128 – FAX
            twolf@bjpc.com
            lude@bjpc.com
            *Attorneys for Defendant Imperium Insurance Company*

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that a true and correct copy of the foregoing was sent via the Court's electronic filing system and email this 5th day of August, 2020, to:

David N. Poe
Cantor Injury Law
12283 Olive Boulevard
St. Louis, MO 63141
david@cantorinjurylaw.com
*Counsel for Plaintiff*

                /s/Timothy J. Wolf

#23398811.1